IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM OLSON and JENNIFER OLSON, | * | |
| | * | 3:18-cv-00102 |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| CITY OF NORTH LIBERTY, DIANE VENENGA, individually, CHRISTOPHER SHINE, individually, and TYSON LANDSGARD, individually, | * | ORDER |
| | * | |
| Defendants. | * | |

Before the Court are Motions in Limine filed by Plaintiffs Adam Olson and Jennifer Olson on December 8, 2019, ECF No. 37, and by Defendants City of North Liberty, Diane Venenga, Christopher Shine, and Tyson Landsgard on December 23, 2019, ECF No. 38. Plaintiffs filed a Response on January 30, 2020, ECF No. 44, and Defendants Responded on January 31, ECF No. 46. The matter is fully submitted.

I. PROCEDURAL HISTORY

Plaintiffs initially filed a Petition at Law and Jury Demand in state court asserting five claims against Defendants, including a claim of defamation. ECF No. 1 at 3–13. The Petition alleged in pertinent part that Defendants defamed Plaintiff Adam Olson by falsely stating Olson had "lost it," claiming Olson took medication that rendered him "out of touch with reality," and stating Olson drove by Defendant Shine's personal residence multiple times in a "harassing" manner. ECF No. 1 ¶¶ 22, 47, 49; ECF No. 26-1 at 9–10. Defendants removed the case to this Court on October 16, 2018. ECF No. 1. Defendants moved for summary judgment on

September 13, 2019.  ECF No. 26.  On March 31, 2020, the Court granted summary judgment to Defendants as to all claims except Plaintiffs' claim for defamation of Adam Olson.  ECF No. 50.

In its Summary Judgment Order, the Court considered each element of Plaintiffs' defamation claim.  To establish Defendants defamed Plaintiff Adam Olson under Iowa law, Plaintiffs would need to establish "Defendants (1) published—*i.e.*, spoke, (2) defamatory words, (3) that were false, (4) about them, (5) that caused damages."  ECF No. 50 at 9.  Regarding the publication element, the Court applied Iowa precedent holding that communications between employees of the same organization can constitute publication.  *Id.* at 9–10 (citing *Newell v. JDS Holdings, L.L.C.*, 834 N.W.2d 463, 472 (Iowa Ct. App. 2013)).  In such cases, Iowa law provides a qualified privilege for intra-organizational communications so long as the statement was made in good faith, was limited to an identified interest of the defendant, and was published "on a proper occasion, in a proper manner, and to proper parties only."  *Id.* at 10 (quoting *Theisen v. Covenant Med. Ctr., Inc.*, 636 N.W.2d 74, 84 (Iowa 2001)).  The Court found a genuine issue of fact as to whether Defendants abused this privilege in making the allegedly defamatory statements about Adam Olson.  *Id.* at 11.

Regarding the element of falsity, Defendants asserted (and continue to assert) that their statements were true.  ECF No. 50 at 9; ECF No. 46 ¶ 5.  The Court found this defense unavailing on summary judgment for two reasons.  Regarding Defendants' statement that Adam Olson's medication made him "out of touch with reality," Defendants had not actually established that Olson took any medications whatsoever.  ECF No. 50 at 14.  Second, the Court noted, "there is a big difference—both in fact and in social perception—between a police officer suffering from [post-traumatic stress disorder (PTSD)] after being shot in the line of duty and

simply going 'off the deep end' or being 'out of touch with reality.'" *Id.* Thus, the Court found a genuine issue of fact as to whether Defendants' statements were false.

Concerning whether the statements were "about" Plaintiffs, the Court found (and Defendants did not dispute) that the statements referred to Adam Olson. However, the Court granted summary judgment in favor of Defendants as to Plaintiffs' claim of defamation against Adam Olson's wife, Jennifer Olson. ECF No. 50 at 17–18. Finally, the Court held the statements about Plaintiff Adam Olson, if proven, constituted slander per se, and damages were therefore presumed under Iowa law. *Id.* at 16–17 (citing *Vinson v. Linn-Mar Cmty. Sch. Dist.*, 360 N.W.2d 108, 116 (Iowa 1984)). The Court therefore denied summary judgment as to Plaintiffs' claim that Defendants defamed Adam Olson. The Court granted summary judgment to Defendants as to all other claims. ECF No. 50.

A trial on the defamation claim has been scheduled for July 28, 2021. ECF No. 56. On December 18, 2019, Plaintiffs filed their first Motion in Limine seeking to exclude any testimony concluding Adam Olson is "out of touch with reality" or has "lost it" based solely on his diagnosis of PTSD or his prescription for medication. ECF No. 37. On December 23, 2019, Defendants filed eight Motions in Limine. ECF No. 38. Plaintiffs Responded to Defendants' Motions on January 30, 2020. ECF No. 44. Defendants filed a Response to Plaintiffs' Motion on January 31, 2020. ECF No. 46. The Court has found in decades of practice that many, if not most, times it is asked to decide pre-trial motions in limine, the state of the record makes deciding what evidence to admit difficult if not impossible. The Motions in this case are no exception. Nonetheless, the Court has reviewed the record thoroughly and renders the following decisions.

3

II. ANALYSIS

*A. Plaintiffs' Motion in Limine*

1. Arguments using Plaintiff's PTSD to establish truth

Plaintiffs' sole Motion in Limine seeks to exclude "[t]estimony or argument that plaintiff Adam Olson's prescription medication is evidence in support of defendants' affirmative defense of truth," and "[t]estimony or argument that plaintiff Adam Olson's PTSD diagnosis is evidence in support of defendants' affirmative defense of truth."  ECF No. 37.  Plaintiffs rely on the fact that Defendants have not disclosed any expert who could opine as to the symptoms, the cause, or the treatment of Adam Olson's PTSD or the use and effects of any prescription medication he takes.  ECF No. 37-1 at 2.  Defendants respond that Adam Olson's medical records, including his medication prescription and PTSD diagnosis, are relevant to their defense of substantial truth.  ECF No. 46 ¶ 1.

Defendants' argument misses the point of Plaintiffs' Motion.  Plaintiffs are not seeking exclusion of Adam Olson's medical records and, in fact, do not object to Defendants' Motion in Limine requesting that any medical records admitted be supported by adequate foundation.  *See* ECF No. 37; ECF No. 44 ¶ 1.  Plaintiffs are instead seeking to exclude testimony by any lay witness that these medical records prove Plaintiff has "lost it" or is "out of touch with reality."  ECF No. 37-1 at 2.

Causation of "sophisticated" injuries must generally be established by expert testimony.  *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002); *Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 1210 (8th Cir. 2000) ("[W]hen the injury is a 'sophisticated' one, i.e., requiring . . . [a] highly scientific technique for diagnosis, proof of causation is not within the realm of lay understanding . . . .")  PTSD constitutes such a sophisticated injury.  *Posttraumatic stress*

*disorder (PTSD)*, Stedman's Medical Dictionary 260450 (28th ed. 2005) ("[D]evelopment of characteristic long-term symptoms following a psychologically traumatic event that is *generally outside the range of usual human experience* . . . . [A Diagnostic and Statistical Manual of Mental Disorders] diagnosis . . . ." (emphasis added)); *see also Awnings v. Fullerton*, 912 F.3d 1089, 1098 (8th Cir. 2019) ("[N]on-visible alleged injuries are not within the range of common experience where inferences may be made with confidence."). It follows that evidence of symptoms or treatments for PTSD are similarly outside the personal knowledge of lay witnesses. Fed. R. Evid. 701, 702; *see Mack v. Metro. Life Ins. Co.*, 246 F. App'x 594, 598 (11th Cir. 2007) ("[A]n argument resting on psychology and medicine requires the testimony of an expert witness qualified in those fields.").

Plaintiffs' expert witness disclosure deadline passed on February 22, 2019, while Defendants' deadline passed on April 26, 2019. ECF No. 9. The record contains one expert report from Defendants concerning Plaintiff Adam Olson's actions during a police encounter. ECF No. 26-1 at 39–57. Plaintiffs assert no other qualified expert has been disclosed who could opine as to the symptoms of Adam Olson's PTSD. ECF No. 37-1 at 2. If Defendants had made relevant expert witness disclosures not already in the record, they would presumably have attached this evidence to their Response as required by Local Rule 7(e). LR 7(e); Fed. R. Civ. P. 26(a)(2). The Court finds no expert qualified to provide opinions about PTSD symptoms or treatment is available to testify at trial. No other witnesses would be qualified to give opinions about Adam Olson's PTSD diagnosis or the effects of his medications. *See White v. Walker*, 950 F.2d 972, 979 (5th Cir. 1991) ("[M]any of [the plaintiff]'s questions to [a police officer] sought expert opinions on child psychology—opinions that are so clearly and obviously beyond the pale

5

of lay opinion testimony as to render their proffer frivolous. The testimony was properly excluded.").

Thus, Plaintiffs' Motion in Limine is granted. Defendants may not elicit testimony from any witness that persons diagnosed with PTSD have "lost it" or that PTSD medication causes those who take it to become "out of touch with reality." Any non-expert testimony suggesting that Defendants' statements about Plaintiff were true based upon his diagnosis of PTSD and prescription medication will be excluded for lack of competency, lack of personal knowledge, and speculation. Fed. R. Evid. 601, 602, 701; s*ee Schuller v. Great-W. Life & Annuity Ins. Co.*, No. C-04-62-LRR, 2005 WL 2257634, at *8 (N.D. Iowa Sept. 15, 2005) (excluding testimony by chiropractor regarding psychological condition and emotional health of plaintiff).

*B. Defendants' Motions in Limine*

1. Uncontested Motions

Defendant's first four Motions in Limine ask the Court to exclude "Medical records and bills absent foundation," "[h]earsay statements attributed to Plaintiff's medical providers," "[i]nsurance coverage," and "[e]xpert witness testimony." ECF No. 38 at 1. Plaintiffs do not object to any of these Motions.

The Court presumes the parties will follow the Federal Rules of Evidence at trial. Although Plaintiffs do not object to Defendants' first Motion in Limine to exclude medical records and bills without proper foundation, Defendants' state in briefing that admissibility of any medical records must be "established by the creator of those records." ECF No. 38-1 ¶ 1. This assertion is clearly contradictory to the medical diagnosis and regularly conducted activity exceptions to the rule against hearsay. Fed. R. Evid. 803(4), (6). The Court does not have a witness list or any other indication of how Plaintiffs may establish foundation for medical

6

records, but it can only assume Plaintiffs will call a witness who can attest to the authenticity of any documents as required by the Federal Rules of Evidence before offering any exhibits into evidence.

The Court thus reserves ruling on Defendants' first Motion in Limine. Defendants' second, third, and fourth Motions are granted. *Accord* Fed. R. Civ. P. 26(a)(2); Fed. R. Evid. 411, 702, 802, 803.

2. Undisclosed Witnesses

Defendants seek to exclude testimony by any witness "other than those identified by Plaintiffs in discovery." ECF No. 38-1 ¶ 5. Plaintiffs do not object to the Motion except to the extent it would preclude them from calling witnesses for the sole purpose of impeachment as authorized by Federal Rule of Civil Procedure 26(a)(1)(A)(i). Plaintiffs are correct that disclosure of witnesses is required "unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Defendants' fifth Motion is therefore granted except that Plaintiffs will be allowed to call undisclosed witnesses for the sole purpose of impeachment pursuant to Rule 26(a)(1)(A)(i).

3. Dollar Amounts in Voir Dire

Defendant's sixth Motion in Limine seeks to bar Plaintiffs from asking jurors about specific amounts of damages during voir dire. Defendants claim such arguments would impermissibly bias the jury. ECF No. 38-1 ¶ 6. Plaintiffs respond that such questions are necessary to ascertain whether any jurors "would refuse to enter a full and fair monetary verdict." ECF No. 44 ¶ 3. Following the example of our sister districts, the Court grants Defendants' sixth Motion in part. *Ribeiro v. Baby Trend, Inc.*, No. 8:12CV204, 2017 WL 1393088, at *8 (D. Neb. Apr. 17, 2017); *Weaver v. Toyota Motor Corp.*, No. 1:11-cv-00025,

2014 WL 806137, at *8 (E.D. Ark. Feb. 28, 2014). The parties may ask general questions about the jurors' ability to award a fair verdict if they find for Plaintiff. However, the parties may not "attempt to commit the jury to a certain . . . amount of damages" or elicit promises from jurors about the amount of any award. *Weaver*, 2014 WL 806137, at *8; *Ribeiro*, 2017 WL 1393088, at *8.

    4. Defendants' Financial Condition

Defendant's seventh Motion in Limine would exclude evidence of the parties' relative financial positions or any argument that Plaintiffs are the "underdog" in this case. This Court already decided this issue in *Morton v. Fort Madison Cmty. Hosp.*, No. 3:09-cv-179, 2011 WL 13228431, at *2 (S.D. Iowa Aug. 16, 2011). In that case, the Court held,

> Defendant has not pointed out any case law indicating that more general attorney arguments regarding whether one party is an "underdog" would be *per se* improper. Accordingly, Defendant's request is granted in part and denied in part. Plaintiff and his counsel shall not refer to the relative financial status of the parties at trial or "encourage[] the jury to determine liability based on the [Defendant's] ability to pay damages." *See Rosenberger [Enters., Inc. v. Ins. Serv. Corp. of Iowa]*, 541 N.W.2d [904,] 907 [(Iowa Ct. App. 1995)]. However, the Court will not, based on the current record, bar Plaintiff from any statement or argument that may be interpreted as insinuating that Plaintiff is, in some way, an "underdog."

*Morton*, 2011 WL 13228431, at *2 (first two alterations in original). Defendants have not cited any authority in their Motion suggesting the Court should deviate from its prior holding. ECF No. 38-7 ¶ 7. Defendants' Motion is therefore granted in part and denied in part.

    5. "Golden rule" and punishment arguments

Defendant's eighth Motion in Limine asserts "Plaintiffs do not have a claim for punitive damages" and therefore seeks to exclude "golden rule" arguments that ask the jury to put themselves in Plaintiffs' position or arguments that the damages award should "punish" Defendants. "Golden rule" arguments are properly excluded as improper appeals to jurors'

8

personal feelings.  *United States v. Palma*, 473 F.3d 899, 902 (8th Cir. 2007).  Defendants' Motion is granted insofar as it concerns "golden rule" arguments by Plaintiffs.

Defendants are incorrect that Plaintiffs do not have a claim for punitive damages.  Plaintiffs properly requested punitive damages in their Petition at Law and Jury Demand.  ECF No. 1 at 9.  However, it is this Court's practice to bifurcate all trials that could involve awards of punitive damages.  Arguments regarding "punishment" will therefore not be relevant to the initial trial proceedings.  The Court reserves ruling on Defendant's eighth Motion in Limine pending trial of Plaintiffs' case for compensatory damages.

III.  CONCLUSION

The parties have submitted nine Motions in Limine addressed herein.  Plaintiffs' Motion in Limine, ECF No. 37, is GRANTED.  Defendants' Motions in Limine, ECF No. 38, are GRANTED in part, DENIED in part, and RESERVED in part.  Specifically, the Court RESERVES ruling on Defendants' Motion in Limine No. 1.  Defendants' Motions in Limine Nos. 2, 3, and 4 are GRANTED, and Defendants' Motions Nos. 5, 6, and 7 are GRANTED in part and DENIED in part.  Defendants' Motion in Limine No. 8 is GRANTED in part and RESERVED in part.

IT IS SO ORDERED.

Dated this 22nd day of March, 2021.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT